IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSETTA J., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17 C 6168 |
| v. | ) |
| | ) Magistrate Judge |
| NANCY A. BERRYHILL, Acting | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration denying Rosetta J.'s claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision or remand for additional proceedings is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 21] is denied.

## BACKGROUND

### I. PROCEDURAL HISTORY

Plaintiff filed her application for SSI on December 20, 2013, alleging disability due to arthritis, shoulder pain, right side pain, and depression. (R. 161–64, 175.) Her application was denied initially and again upon reconsideration. (R.76,

1

84.) Plaintiff presented for a hearing before an Administrative Law Judge ("ALJ") on October 7, 2015, where she was represented by an attorney. (R. 39–75.) A vocational expert was present and also testified. (*Id.*) On July 20, 2016, the ALJ issued an unfavorable decision. (R. 25–33.) The Appeals Council denied review on July 5, 2017, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–4).

## II. ALJ DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (R. 27.) At step two, the ALJ found that Plaintiff suffered from a severe impairment of degenerative joint disease of the knees. (*Id.*) The ALJ found Plaintiff's depression and degenerative joint disease of the shoulder to be non-severe. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926); (R. 29.)

Before step four, the ALJ found that she had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to some limitations.[1] (R.

---

[1] Frequent operation of foot controls; occasional climbing ladders, ropes, scaffolds; occasional climbing ramps and stairs, balancing, stooping, crouching, kneeling, and crawling; avoid concentrated exposure to extreme cold, wetness or humidity; limited to jobs which can be performed while using a hand held assistive device required only for uneven terrain or prolonged ambulation, more than fifty feet, and the contralateral upper extremity can be used to lift and carry exertional limits.

2

22.) At step four, the ALJ concluded that Plaintiff had no past relevant work. (R. 32.) At step five, the ALJ found Plaintiff could perform other work, including package line worker, assembler production, and bagger garments. (R. 33.) Because of this determination, the ALJ found that Plaintiff was not disabled. (*Id.*)

## DISCUSSION

### I. ALJ STANDARD

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then

shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d

at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

In reviewing the ALJ's decision the Court is to play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron*, 19 F.3d at 333.

## **DISCUSSION**

Plaintiff argues remand is appropriate because (1) the ALJ's proffered RFC was erroneous; and (2) the ALJ's credibility determination was patently wrong. First, Plaintiff contends that the ALJ committed several errors when determining her RFC. "The RFC is an assessment of what work-related activities the claimant can perform despite her limitations." *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see* 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations."). In determining an individual's

5

RFC, the ALJ must consider all limitations which arise from medically determinable impairments, even those that are not severe. SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996); *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009).

Plaintiff begins by taking issue with the ALJ's analysis of her mental impairments. The ALJ found Plaintiff's depression to be a non-severe impairment. (R. 27.) The ALJ reasoned, in part, that exams showed she was "alert and oriented times three, no acute distress, normal mood, normal affect, normal judgment and thought content."[2] (R. 27–28.) According to Plaintiff, the ALJ's RFC determination is flawed because the ALJ selectively analyzed the record. In particular, Plaintiff maintains that the ALJ failed to acknowledge or discuss a November 2014 hospitalization.

The record shows that, on November 1, 2014, Plaintiff was taken to the Emergency Room ("ER") by police. (R. 383–85.) She was combative, belligerent, and aggressive and was admitted into hospital's the mental health unit. (*Id*.) Upon admission, her mental status was "restless, irritable, and very guarded." (*Id*.) Her affect was labile, she was actively hallucinating and delusional, her memory and

---

[2] The ALJ also considered the four broad functional areas used when analyzing mental limitations at step two. He found that Plaintiff had no episodes of decompensation, and mild limitations in daily living, social functioning, and concentration, persistence, or pace. (R. 28.) Plaintiff contends that the ALJ should have included these step two mental limitations in his RFC assessment, citing district court decisions. However, the Seventh Circuit has declined to rule on this issue as recently as 2012, and it is unnecessary for this Court to weigh in on the matter in the context of this case. *See Guranovich v. Astrue*, 465 F. App'x 541, 543 (7th Cir. 2012) (unpublished decision) (explaining that "[t]his circuit has not yet decided whether an ALJ's finding at step four must be consistent with those at step two" as it relates to mild limitations); *Applewhite v. Colvin*, 54 F. Supp. 3d 945, 954 (N.D. Ill. 2014).

6

concentration were poor, her intellect and reasoning were impaired, and she had poor insight and judgement. (*Id.*) Plaintiff was diagnosed with psychotic disorder NOS, and her global assessment of functioning score was 25.[3] (*Id.*) She was discharged six days later. (*Id.*)

The ALJ did not mention this evidence in his decision. The Commissioner does not deny that the ALJ failed to discuss the hospitalization. Rather, the Commissioner suggests that the ALJ was not obligated to discuss it because the incident was merely an aberration. Although the ALJ does not have to discuss every piece of evidence, he must discuss evidence that directly contradicts his conclusions and explain why it is discounted. *See Kasarsky v. Barnhard,* 335 F.3d 539, 543 (7th Cir. 2003); *Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016). Here, the ALJ did not explain why he did or did not credit evidence of the hospitalization. The ALJ may have believed the hospitalization was not significant evidence because it was a one-time event, as the Commissioner urges, but the ALJ did not articulate that in his opinion. This Court cannot speculate on the reasons for the ALJ's conclusions based on the Commissioner's *post hoc* rationalizations. *See Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (*citing SEC v. Chenery Corp.,* 318 U.S. 80, 87-88 (1943)) ("[T]he ALJ did not rely on this rationale in his opinion, so the Commissioner cannot now rely on it."); *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("Under the Chenery doctrine, the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace."); *Scott v.*

---

[3] It was also noted that she was non-compliant with medication, (R. 384), and she tested positive for marijuana and alcohol. (R. 386.)

*Astrue*, 647 F.3d 734, 739 (7th Cir. 2011) ("We confine our review to the rationale offered by the ALJ"). *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010) ("But these are not reasons that appear in the ALJ's opinion, and thus they cannot be used here"). Because the ALJ failed to adequately discuss objective medical evidence that tends to support a disability finding, the case must be remanded for further consideration. *See Villano,* 556 F.3d at 563; *Herron,* 19 F.3d at 333 (noting that an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion").

Plaintiff also takes issue with the ALJ according "great weight" to the opinions of state physicians who did not review evidence of the hospitalization. (R. 31.) This evidence could have affected their medical opinions, and therefore the Court cannot conclude it was harmless error. *See Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018); *see also O'Connor–Spinner v. Colvin*, 832 F.3d 690, 693 (7th Cir. 2016). The Commissioner responds that the hospitalization does not undermine the medical opinions because Plaintiff had "a significant amount of alcohol and marijuana in her system" and she was ultimately "released in stable condition." (Def.'s Mem. in Support at 4.) As discussed above, *post hoc* explanations that were not expressly relied on by the ALJ cannot be considered. Furthermore, even had the ALJ articulated the reasons now offered by the Commissioner, it would amount to the ALJ impermissibly interpreting the medical evidence. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[A]s this Court has counseled on many occasions,

ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").

Because the ALJ erred when evaluating the medical evidence, the Court need not reach the remainder of Plaintiff's arguments. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record, including evidence of mental impairments, and his ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision or remand for additional proceedings is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 21] is denied. This matter is remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:**   **April 8, 2018**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**